10-4125.121-JCD                                                April 10, 2012

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., ) ) ) Plaintiff/ ) Counterdefendant, ) ) v. ) ) HUF NORTH AMERICA AUTOMOTIVE ) PARTS MANUFACTURING CORPORATION, ) ) Defendant/ ) Counterplaintiff. ) | No. 10 C 4125 |

## MEMORANDUM OPINION

Before the court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, based on a forum-selection clause. For the following reasons, the motion is denied.

## BACKGROUND

This is an action for breach of contract, breach of express and implied warranties, fraud, and injunctive and declaratory relief that was removed to this court from the Circuit Court of Cook County on the basis of diversity jurisdiction. Plaintiff, Continental Automotive Systems US, Inc. ("Continental"), manufactures transponder remote keyless entry fob integrated keys ("FOBIKs") for automobiles as well as the wireless ignition node

- 2 -

("WIN") systems that use these FOBIKs.[1] (Compl. ¶ 1.) Continental alleges that its predecessor-in-interest, Siemens VDO, S.A. de C.V., a Mexican corporation ("Siemens VDO S.A."), contracted with defendant, Huf North America Automotive Parts Manufacturing Corporation ("Huf"), for Huf to supply certain components that are used in the WIN systems and that Huf delivered substandard product that caused Continental to incur more than $18 million in damages.

Huf, for its part, has counterclaimed for breach of contract and promissory estoppel (and alternatively for quasi-contract). Huf alleges that Continental breached the contract between the parties "in many material ways," including by failing to provide adequate specifications, requirements, and testing protocols; withholding payment to Huf in the amount of $450,000; and terminating the contract "prematurely," causing Huf to suffer damages in excess of $2.65 million. (Countercl. ¶¶ 36, 43.)

Huf moves to dismiss the complaint based on a forum-selection clause.

## DISCUSSION

A motion for dismissal based on a forum-selection clause is properly brought under Rule 12(b)(3) as an objection to venue. Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car

---

[1] Continental explains that a FOBIK provides "all of the functions of a traditional remote keyless entry device coupled with a metal key blade for valet functions, glove box locking, and accessing the vehicle in the event of a dead battery, a remote keyless entry failure or a bus failure. In addition, the FOBIK also serves as both the remote keyless entry fob and the electronic ignition key for the vehicle." (Compl. ¶ 6.)

Rental USA, Inc., 502 F.3d 740, 746 (7th Cir. 2007). Huf contends that this case should be dismissed without prejudice to refiling in Mexico due to a forum-selection clause "in a contract relied on by plaintiff." (Def.'s Mot. at 1.) The clause appears in a document entitled "Siemens VDO, S.A. de C.V. Terms and Conditions of Purchase," which we will call the "Siemens VDO S.A. Terms," and provides:

> Disputes, Choice of Law, and Partial Invalidity.
> Except as otherwise specifically provided in this Order, any dispute arising under this Order shall be resolved amicably through discussions between Buyer and Seller attempting in good faith to negotiate a resolution thereof . . . . If the parties are not successful in resolving this dispute through self-help or arbitration (if they choose to submit it to arbitration) any dispute arising under this Order shall be resolved by the Courts of México City, México, to whose jurisdiction both parties agree to submit their disputes.

(Pl.'s Mem. in Opp'n to Def.'s Mot., Ex. B.) The Siemens VDO S.A. Terms were attached to an e-mail sent to Huf in May 2005 by Continental's predecessor as part of a "Request for Quotation" package for Chrysler WIN systems. On page 3 of the Siemens VDO S.A. Terms, the page on which the forum-selection clause appears, a footer at the bottom right corner of the page states: "SV, SA de CV *REV-2*, 02/2003."

In their respective claims for breach of contract, both parties rely, at least to some extent, on a document entitled "Early Sourcing Agreement: WIN Mechanical SubAssembly," (the "ESA"), which is dated May 1, 2006 and was attached to an e-mail

- 4 -

between Continental's predecessor and Huf. (Pl.'s Mem. in Opp'n to Def.'s Mot., Ex. C.) The ESA states on page 1 that "Siemens VDO Automotive Corporation Terms and Conditions apply to this agreement." On page 3, under the heading "Payment Terms and Conditions," the ESA states: "Siemens VDO Automotive Corporation Terms and Conditions, SV, SA de CV *Rev-2*, 02/2003" are "[a]pplicable." (Pl.'s Mem. in Opp'n to Def.'s Mot., Ex. C.)

Continental argues that Huf waived its venue objection by failing to raise it either in its answer or in a pre-answer motion as required by Federal Rule of Civil Procedure 12(h)(1).[2] Continental also points out that Huf alleged in its counterclaim, which was filed in July 2010, that venue is appropriate in this court.

Huf filed the instant motion eighteen months after it removed the case to this court and twenty months after the complaint was filed. It argues that we should excuse this delay because the law "recognizes that a defendant cannot waive a defense that was not available." (Def.'s Mot. at 8.) See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (3d ed. 2004) (no waiver under Rule 12(h)(1) if the omitted defense was unavailable when the party answered). Huf cites American Patriot

---

[2] The Seventh Circuit has explained that it groups forum-selection clauses with issues of statutory venue for purposes of Federal Rule of Civil Procedure 12(h)(1) because the two are "sufficiently close" and "the need for prompt determination of a suit's location sufficiently great." Sharpe v. Jefferson Distrib. Co., 148 F.3d 676, 679-80 (7th Cir. 1998), abrogated on other grounds by Papa v. Katy Indus., Inc., 166 F.3d 937 (7th Cir. 1999).

- 5 -

Insurance Agency, Inc. v. Mutual Risk Management, Ltd., 364 F.3d 884 (7th Cir. 2004), and asserts that none of the factors discussed therein for finding waiver, including inconvenience to the plaintiff, waste of judicial resources, and defendant's "stall[ing] . . . to find out which way the wind is blowing," id. at 888, are present here.  In American Patriot, the Court found that the defendants did not improperly delay their motion to dismiss for improper venue based on a forum-selection clause where the parties had agreed months earlier to stay the case in order to conduct informal discovery and settlement discussions.  That decision, however, is inapposite; in contrast to Huf, the defendants raised their venue argument in a pre-answer motion as required by Rule 12(h)(1).

Tellingly, Huf only implicitly argues that the venue defense was unavailable at the time it filed its answer, and it never states that it was unaware of the Siemens VDO S.A. Terms or the ESA, which, it could be argued, incorporates those terms.  (The ESA's reference on page 3 to "Siemens VDO Automotive Corporation Terms and Conditions, SV, SA de CV *Rev-2*, 02/2003" is worthy of more candid discussion by Huf than the short footnote in its reply brief.)  Instead, Huf complains about the lack of specificity in Continental's pleadings in identifying the alleged contract (although, we note, Huf sought no relief from the court) and the fact that Continental refused, until October 2011, to reveal

exactly which contractual terms it is relying on.  A review of the parties' discovery exchanges reveals that Continental indeed stalled in producing this information; it repeatedly gave evasive answers, and remarkably even stated that it would identify and produce the written documents that it contends govern this dispute only after Huf had done so.  (Def.'s Mot. to Dismiss, Ex. B, at 7.) Huf should have moved to compel an appropriate and complete answer to its interrogatory instead of wrangling with Continental for many months.  Perhaps Huf did not seek the court's assistance because Huf itself engaged in a bit of stalling with respect to answering the same question--although not to the same extent as Continental.

But these discovery issues are beside the point because Continental's delay in identifying the Siemens VDO S.A. Terms as part of the basis for its contract claim does not justify Huf's delay in invoking the forum-selection clause.  See, e.g., Sharpe, 148 F.3d at 680 (fact that plaintiff first made a claim based on the written contract twenty months into the case and in her second amended complaint did not justify defendant's delay in asserting forum-selection clause in same contract where defendant knew of contract and relied upon it); Viscofan USA, Inc. v. Flint Group, No. 08-CV-2066, 2009 WL 1285529, at *5 (C.D. Ill. May 7, 2009) (no justification for year-long delay in asserting forum-selection clause where defendant's own documents included the clause).  It was clear from the outset of this case that one of the principal

factual issues is the terms of the parties' agreement; the parties so stated in their joint initial status report to the court in September 2010. The ESA is central to the parties' claims, and it explicitly refers to the Siemens VDO S.A. Terms, which include the forum-selection clause. Huf was aware of and had those Terms since 2005--years before Continental filed suit. The venue defense was thus available to Huf, and it waived the defense by failing to timely raise it as required by Rule 12(h)(1). Accordingly, Huf's motion to dismiss will be denied.

## **CONCLUSION**

For the foregoing reasons, the motion of defendant Huf North America Automotive Manufacturing Corporation "to dismiss in favor of Mexican courts" [37] is denied. Huf's motion for a protective order staying all discovery until the court has ruled on its motion to dismiss [52] is denied as moot. A status hearing is set for April 25, 2012 at 11:00 a.m. to set a discovery cutoff date.

DATE:          April 10, 2012

ENTER:   _____
                        John F. Grady, United States District Judge