10-4125.131-JCD                                          March 21, 2013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CONTINENTAL AUTOMOTIVE SYSTEMS    )
US, INC.,                         )
                                  )
              Plaintiff,          )
                                  )
       v.                         )        No. 10 C 4125
                                  )
HUF NORTH AMERICA AUTOMOTIVE      )
PARTS MANUFACTURING CORP.,        )
                                  )
              Defendant.          )

## MEMORANDUM OPINION AND ORDER

Before the court is defendant's motion to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the motion is denied.

## DISCUSSION

Plaintiff, Continental Automotive Systems US, Inc. ("Continental"), manufactures remote keyless entry devices for automobiles, and defendant, Huf North America Automotive Parts Manufacturing Corporation ("Huf"), is its sole supplier of certain components used in the devices. Continental sues Huf for breach of contract, breach of express and implied warranties, fraud, and injunctive and declaratory relief, alleging that Huf delivered substandard parts that caused Continental to incur more than $18 million in damages. Huf has counterclaimed for breach of contract

- 2 -

and promissory estoppel and in the alternative for quasi-contract.

This case was removed to this court from the Circuit Court of Cook County on July 2, 2010. Discovery is nearly complete. About a year ago, we issued a ruling on Huf's motion to dismiss the action for improper venue based on a forum-selection clause contained in a document entitled "Siemens VDO, S.A. de C.V. Terms and Conditions of Purchase," which is one of the writings that is alleged to be part of the parties' contract. We found that the venue argument was available to Huf at the time it filed its answer and that it had waived the argument by failing to timely raise it as required by Rule 12(h)(1), and we denied Huf's motion.

Now Huf has filed another motion to dismiss the case. This time, it contends that Continental lacks Article III standing to bring this action. According to Huf,

> Continental's complaint alleges that it is bringing this action as the successor-in-interest to a Mexican corporation, Siemens VDO, S.A. de C.V. . . . Since [Huf's first motion to dismiss] was denied, an investigation of Mexican corporate records and a recent admission from Continental in discovery shows that this allegation is not true: Continental is not the successor-in-interest to Siemens VDO, S.A. de C.V. Instead, the Mexican records and Continental's own admission demonstrate that Continental and Siemens VDO, S.A. de C.V. have never been anything other than affiliates. And since one affiliate has no Article III standing to assert a claim on behalf of another affiliate, the court has never had subject matter jurisdiction to begin with and this case must be dismissed with prejudice.

(Def.'s Mot. to Dismiss for Lack of Standing at 2.) We will refer to the Mexican corporation as "Siemens Mexico."

- 3 -

Continental makes a number of arguments in response to Huf's motion: that its interrogatory answer does not contradict its allegation that the Siemens Mexico is its predecessor-in-interest; that Huf has previously admitted a successor relationship between Continental and Siemens Mexico; that in its counterclaim, Huf has affirmatively alleged a direct contractual relationship between Continental and Huf; and that Continental is relying on additional contractual documents, such as the "Early Sourcing Agreement," to which Continental itself was a party.

The parties thought it necessary to extensively brief the instant motion; they requested and were granted leave to file a surresponse and a surreply in addition to the standard three briefs. That was overkill. We think the issue is simple. Huf's motion is premised entirely on its assertion that Continental brings this action *only* "as the successor-in-interest" to Siemens Mexico and that it is not asserting any contractual rights of its own. That is a faulty premise, based on an unreasonable reading of the complaint. Paragraph 1 of the complaint alleges that "Huf is contractually obligated to provide Continental with WIN module assemblies that meet the quality and design specifications that were established by Continental's customer and furnished to Huf by Continental." Huf focuses on paragraph 8, which alleges: "Beginning in 2006, Huf and Continental's predecessor in interest, Siemens [Mexico], entered into an agreement whereby Huf agreed to

- 4 -

develop, design, manufacture and supply WIN module assemblies for use in Continental's WIN system in accordance with the specifications that were furnished to Huf by Continental . . . ." Paragraph 8 then states: "Hereinafter, Continental and its predecessor in interest are collectively referred to as 'Continental.'" In the following paragraphs, various breaches of warranty and contractual commitments are alleged. Count I, Continental's breach of contract claim, states simply that "Continental and Huf entered into a binding contract under which Huf was obligated to manufacture and deliver products to Continental." (Compl. ¶ 20.) It does not refer to any particular agreement, nor does it allege what documents comprised the contract.

In its briefs, Huf argues that Continental has asserted only the "rights belonging to" Siemens Mexico and no rights of its own. (Def.'s Surreply at 1.) That is simply inaccurate. Continental has sued on its own behalf and seeks damages for injuries it alleges that it suffered as a result of Huf's conduct--breaches of contract and warranties as well as fraud. True, the complaint is vague in two significant respects--regarding exactly what constituted the "binding contract" between Continental and Huf, and by virtue of the complaint's collective treatment of Continental and Siemens Mexico--but that does not mean there is a standing problem. Rather, it was a notice problem that is now moot. Huf

- 5 -

could have moved for a more definite statement (and the motion probably would have been well taken), but it chose not to do so. As we discussed in our earlier opinion, Huf instead engaged in an extensive back-and-forth effort to obtain a satisfactory answer to its interrogatory that asked Continental to identify the alleged contract and the documents that comprise it. See Continental Auto. Sys. US, Inc. v. Huf N. Am. Auto. Parts Mfg. Corp., No. 10 C 4125, 2012 WL 1191846, at *2 (N.D. Ill. Apr. 10, 2012) ("Huf should have moved to compel an appropriate and complete answer to its interrogatory instead of wrangling with Continental for many months. Perhaps Huf did not seek the court's assistance because Huf itself engaged in a bit of stalling with respect to answering the same question--although not to the same extent as Continental."). We are also mindful that plaintiffs are not required to plead legal theories. As discovery has borne out, Continental is asserting contractual rights deriving from agreements to which it alleges that Continental itself was a party, in addition to asserting contractual rights deriving from agreements to which Siemens Mexico was a party. We express no opinion at this point as to whether Continental will be able to prove that it is Siemens Mexico's successor-in-interest, but that is a question that goes to the merits, not standing.

## CONCLUSION

For the foregoing reasons, the motion of defendant Huf North

- 6 -

America Automotive Parts Manufacturing Corporation to dismiss this action for lack of standing [62] is denied.

DATE:       March 21, 2013

ENTER:      _____

John F. Grady, United States District Judge